IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TINEIMALO ADKINS, JR., | ) | CIV. NO. 14-00156 LEK/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTIONS FOR |
| | ) | INJUNCTIVE RELIEF |
| vs. | ) | |
| | ) | |
| UNNAMED, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF**

Plaintiff filed this action on March 31, 2014. Doc. No. 1. He neither paid the filing fee, submitted an in forma pauperis application, submitted his complaint on court forms, named any defendants, nor provided sufficient detail for the court to determine whether he states a claim for relief. *See* Deficiency Order, Doc. No. 4. On April 8, 2014, the court instructed Plaintiff to correct these deficiencies on or before May 6, 2014, or risk dismissal of this action. *Id.*

Before the court are Plaintiff's motions for injunctive relief regarding legal mail and medical care requests at the Federal Detention Center Honolulu ("FDC"). Doc. Nos. 6, 7. Plaintiff alleges his legal mail is being opened outside of his presence and his requests for medical attention were ignored until he notified Captain Reiser. *Id.* Plaintiff does not specify whether he seeks a temporary restraining order, preliminary injunction, or simply immediate relief on claims that

apparently form part of the basis for his suit.  Regardless, Plaintiff's requests for immediate injunctive relief are DENIED without prejudice.

## I. DISCUSSION

The "circumstances justifying the issuance of an *ex parte* order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a temporary restraining order was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)).  Federal Rule of Civil Procedure 65 outlines the "stringent restrictions imposed" for issuing ex parte injunctive relief.  *Id.*

The court may issue a preliminary injunction "only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1). Similarly, a temporary restraining order will be issued without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and

the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiff meets neither requirement. He has not served the Complaint or his Motions or provided any reason why notice should not be required. He fails to certify in writing the efforts he made to give notice to any defendant or prison officials or provide reasons why such notice should not be required. Nor does he demonstrate that such notice is impossible or fruitless. *See Reno Air Racing*, 452 F.3d at 1131.

Plaintiff also fails to provide a sufficient statement of specific facts showing he will suffer irreparable harm, loss, or damage if injunctive relief is not granted. For example, Plaintiff alleges that his legal mail has been opened outside his presence, but provides no details regarding this claim. *See* Mot., Doc. No. 6 (Motion for Confidentiality). He fails to provide the date(s) this allegedly occurred, the names of those responsible, the circumstances surrounding this alleged infraction, or explain what he means by "legal mail."

But prison officials may open and inspect mail to prisoners from courts and governmental agencies outside of a their presence, because mail from courts, as opposed to mail from a prisoner's lawyer, is not considered "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). And, although opening and inspecting legal

mail may have an impermissible "chilling" effect on a prisoner's right to petition the government, *see O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996), Plaintiff's ability to file his Motions, Complaint, letter, and other documents with this court does not suggest that his rights have been impaired or chilled. Plaintiff is represented by counsel in his pending criminal action, CR. No. 1:13-cr-00860 LEK. If his legal mail is being intercepted or interfered with in that action, his defense attorney can and should raise this with the court. Without more details, however, the court cannot determine whether Plaintiff is alleging an impermissible constitutional violation or simply complaining about alleged rules infractions at the FDC.

Additionally, Plaintiff's request for injunctive relief regarding his requests for medical care appears moot because he concedes he received medical attention when he notified Captain Reiser of his requests. *See* Doc. No. 7. Plaintiff's Motions therefore provide no specific facts that clearly show that "immediate and irreparable injury, loss, or damage" will result before any prison official can be properly served with the complaint and motions and be heard in opposition. *Id.*

Plaintiff's claims that his non-specific medical requests were delayed and his unidentified mail was opened outside of his presence present no "serious question" that he is in danger of irreparable harm, the balance of hardships or

4

equities tip sharply in his favor, or that an injunction of any sort is in the public interest. *See Winter v. Naturall Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015,1021 (9th Cir. 2009). Plaintiff's Motion for Injunction Relief for Confidentiality, Doc. No. 6, and Motion for Injunction Relief, Doc. No. 7, are DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 14, 2014.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Adkins v. Unnamed*, 14-00156 LEK/KSC; psa/tros/Adkins 14-156 lek; J:\Denise's Draft Orders\LEK\Adkins 14-156 lek (mail, med).wpd