IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TINEIMALO ADKINS, JR., FED. REG. #95342-022,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID SHINN, et al.,<br><br>    Defendants. | CIV. NO. 14-00156 LEK/BMK<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT |

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

Before the court is Plaintiff's Second Amended Complaint ("SAC"). Doc. No. 18. Plaintiff also submits a letter electing "to stand on his claims against (Cline, Shinn, Reiser, Sterns, Urasaki, and Lidge)," as alleged in the First Amended Complaint ("FAC"). *See* Doc. Nos. 14 (FAC), 19, 20. For the following reasons, the SAC is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). By separate order, the court will direct the United States Marshal to serve the FAC on Defendants Cline, Urasaki, and Lidge.

## I. BACKGROUND

On June 16, 2014, the court found that Plaintiff's First Amended Complaint ("FAC") stated cognizable claims for relief in Counts III, IV, and VII against Defendants **Cline**, **Urasaki**, and **Lidge**, and that service is appropriate for these

Defendants.  *See* Order, Doc. No. 17 ("June 16, 2014 Order").  The court further found that Counts I, II, III, V, VI, and VIII, as alleged against Defendants **Shinn**, **Reiser**, **Stearns**, and **Potts**, failed to state a claim.  Those claims were dismissed with leave to amend.  In the alternative, Plaintiff was told he could stand on his cognizable claims and the court would order the United States Marshal to serve the FAC, as dismissed in part, on Cline, Urasaki, and Lidge.

The court explicitly notified Plaintiff that, if he elected to file an amended complaint, the amended complaint must be complete in itself, reallege all claims asserted against all Defendants, and may not incorporate by reference claims set forth in previous pleadings.  *Id.*, PageID #20-21.

Instead of complying with these directions, Plaintiff confuses matters by electing to "stand" on claims against *six* of the original seven defendants (omitting Potts), despite clear directions informing him that he failed to state a claim against three of those defendants.  He compounds this confusion by submitting an amended pleading that names only Shinn, Reiser, Sterns, and Cline, fails to cure the deficiencies in his claims against these Defendants, and omits his cognizable claims against Cline, Urasaki, and Lidge.  *See* Doc. Nos. 18-20.  That is, Plaintiff stands on claims that the court deemed insufficient,

omits claims that were deemed cognizable, and substitutes a wholly deficient amended pleading for the FAC.

## I. **LEGAL STANDARDS**

Federal courts must screen all civil actions brought by prisoners seeking redress from a governmental entity, officer, or employee, and dismiss a claim or complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

A court must construe *pro se* complaints liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). Leave to amend should be granted unless amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

The SAC names FDC-Honolulu Warden David Shinn, Captain Steven Reiser, Investigator Cully Sterns, and Investigator William Cline in their individual capacities. It fails to name Counselor Joseph Potts, Chaplain Alan Urasaki, and Nurse Trevor Lidge, and it omits those claims in the FAC that stated a claim against Cline, Urasaki, and Lidge. Without reference to the FAC,

4

the SAC makes little sense.  Even reading the two pleadings in conjunction, the SAC fails to allege sufficient facts to plausibly infer that *any* Defendant named in either pleading violated his constitutional rights.

In Count I, Plaintiff vaguely alleges that Shinn, Reiser, Sterns, and Cline collectively violated the First Amendment when Shinn failed to respond to Plaintiff regarding his confinement in the special housing unit.  Plaintiff provides no pertinent details regarding this claim.  It can only be understood with reference to Plaintiff's claims in Count II of the FAC –- that were dismissed for failure to state a claim.  *See* Order, Doc. No. 17, PageID #72-73.  Count I fails to allow the inference that Shinn, Reiser, Sterns, or Cline violated Plaintiff's First Amendment rights.  This is particularly true in light of the court's careful analysis of this claim in the June 16, 2014 Order.  *See id*.

In Count II, Plaintiff alleges Cline violated the Eighth Amendment "because of the lack of sanitized clean laundry."  SAC, Doc. No. 19, PageID #93.  Here, Plaintiff apparently refers to his claims in Count V of the FAC, that he was provided only two boxers, shirts, and pairs of socks weekly, and at one time wore the same clothes for five days.  As discussed in detail in the June 16, 2014 Order, the failure to provide Plaintiff a change of clothes more often did not deprive

him of the minimal requirements of life and did not violate the Eighth Amendment. *See* Order, Doc. No. 17, PageID #77-79; *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Count II fails to state a claim.

In Count III, Plaintiff alleges that his First Amendment rights were chilled when Warden Shinn failed to respond to his grievances, apparently referring to an element deemed lacking in his retaliation claims in the FAC. As noted in the June 16, 2014 Order, Plaintiff continued to file grievances despite Shinn's alleged lack of response, and filed the present action, which is proceeding. Plaintiff still alleges insufficient facts for the court to infer that Shinn's alleged refusal to respond to Plaintiff's grievances chilled his First Amendment rights. Count III fails to state a claim.

Moreover, as Plaintiff was told, defendants not named and claims not realleged in an amended complaint are deemed waived, *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and an amended complaint generally supersedes the original, *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).[1] If the court allows the SAC to supercede the FAC (as it has been limited),

---

[1] Claims that are dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal, but "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925-28 (9th Cir. 2012) (*en banc*).

6

Plaintiff's only cognizable claims as alleged against Cline, Urasaki, and Lidge would be considered waived.

## IV. CONCLUSION

The Second Amended Complaint fails to state a claim and is DISMISSED. The First Amended Complaint, Doc. No. 14, Counts III, IV, and VII, as alleged against Defendants Cline, Urasaki, and Lidge, remains the operative pleading in this case. By separate order, the court will direct the United States Marshal to effect service on Cline, Urasaki, and Lidge, who will be required to file an answer.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 24, 2014.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Adkins v. Shinn,* 1:14-cv-00156 LEK/KSC; 2014 scrng, Adkins 14-156 lek(dsm SAC); J:\Denise's Draft Orders\LEK\Adkins 14-156 LEK (dsm SAC ftsc).wpd